---

In re ENO'S WILL.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

1. COURTS ☜484—PROBATE COURTS—TRANSFER OF WILL CONTEST TO SUPREME COURT.

Under Code Civ. Proc. § 2538, providing that either of the surrogates of the county of New York may, in his discretion, transfer to the Supreme Court any special proceedings for the probate of a will pending in said county, such transfer can be made by either surrogate after a jury trial has been awarded at the request of contestants of the will and the case has been set for trial at a future term of the Surrogate's Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1291; Dec. Dig. ☜484.]

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. COURTS ☞485—PROBATE COURTS—TRANSFER OF WILL CONTEST TO SUPREME COURT—DISCRETION OF SURROGATE.

It would be a wrongful exercise of discretion by one of the surrogates of New York county to transfer to the Supreme Court a will contest after the other surrogate had ordered it to be tried by a jury in the Surrogate's Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1292–1298; Dec. Dig. ☞485.]

3. JURY ☞19(7½)—TRIAL BY JURY—WILL CONTEST—DISCRETION OF SURROGATE.

Under Code Civ. Proc. § 2538, providing that, in any proceeding for the probate of a will in which any controverted question of fact arises, the surrogate must make an order directing the trial by jury of such case if any party seasonably demands it, the surrogate has no discretion as to whether to send the issues to a jury for trial, but has discretion to determine whether they shall be tried by a jury in the Surrogate's or in the Supreme Court.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 111; Dec. Dig. ☞19(7½).]

Appeal from Surrogate's Court, New York County.

In the matter of the probate of the last will and testament of Amos F. Eno, deceased. From an order (157 N. Y. Supp. 553) denying a motion of the proponents to transfer the proceedings to the Supreme Court for trial, the proponents appeal. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Wallace MacFarlane, of New York City, for appellants.

Charles H. Beckett, of New York City, for respondents.

McLAUGHLIN, J. This appeal is from an order of the Surrogate's Court of the County of New York denying a motion to transfer the issues in a contested probate proceeding from the Surrogate's Court to the Supreme Court.

On the 27th of October, 1915, a petition for the probate of the will of Amos F. Eno, deceased, verified by the executors named therein, was presented to the Surrogate's Court of the County of New York, upon which a citation was issued directed to the parties interested, returnable December 10, 1915. Upon the return of the citation, objections to the probate of the will were filed by the heirs at law and next of kin of the testator and a trial by jury demanded. On the 15th of December following, five days after the return of the citation and the filing of the objections, the contestants noticed for settlement an order for a trial by jury in the Surrogate's Court as provided in rule 7 relating to jury trials of probate cases in the county of New York. This rule provides that:

"Within five days after a jury trial is demanded in the objections filed to the probate of a will, the party making the demand shall present on two days' notice of settlement to the attorneys of all parties who have appeared as attorney, a proposed order directing such trial by jury. Such order shall state plainly and concisely the controverted questions of fact to be tried by jury. If a party demanding a trial by jury fails to serve and present a proposed order as aforesaid, such order may thereafter be presented by any party to the proceeding."

In pursuance of a notice given under this rule for the settlement of an order directing a jury trial, all of the parties appeared before one of the surrogates on the 17th of December.  An order was then made which directed that the trial of the issues as to the probate of the will be had before a surrogate and a jury at a Trial Term of the Surrogate's Court to be held in the county of New York commencing Monday, the 3d day of January, 1916.  No appeal was taken from the order, and the time to do so has expired.  All of the parties, so far as appears, acquiesced in it and noticed the proceeding for trial at the time stated.  When the matter came on for trial on the 3d of January, the attention of the surrogate presiding at the trial was called to the fact that another paper, purporting to be the last will and testament of the decedent, had been offered for probate by one of the respondents, and a citation issued, returnable on the 10th of February; that a motion for taking the deposition of a person in France had been granted, but the form of the order had not been settled; that the attorney for the contestants asked that the trial be postponed until the March term; and the attorney for the proponents asked that it be set down for the February term.  The motion of the contestants was granted, and the proceeding for the probate of each will is upon the March Trial Term calendar.

After an order had been made setting the case for trial at the March term, a motion was made by the proponents, by an order to show cause, returnable on the 14th of February, why the proceeding should not be transferred to the Supreme Court for trial.  The motion was denied "solely on the ground of want of power in the surrogate before whom said motion was made to grant the same," and the trial "stayed until the decision of any appeal that may be taken to the Appellate Division of the Supreme Court in this department from this order." It is from this order that the present appeal is taken.

[1] I am of the opinion that the learned surrogate erroneously held that he had no power to grant the motion transferring the issues to the Supreme Court for trial.  Section 2538 of the Code of Civil Procedure expressly provides that:

"Either of the surrogates of the county of New York may, in his discretion, make an order transferring to the Supreme Court any special proceeding for the probate of a will pending in said county."

He had not been deprived of this power by any act taken in the proceeding either by himself or the other surrogate.  He had the power to transfer the issues to the Supreme Court for trial, because the Legislature had expressly conferred the same upon him.

[2] It was discretionary with him whether or not he would exercise it; but, while the reason assigned by him was wrong, I think, under the facts and circumstances, to have granted the motion would have been an improper exercise of discretion.

[3] When the application was made to the other surrogate to have the issues tried before a jury, he had to grant the motion.  He had no discretion, but was obliged to send the issues to a jury for trial.  The

section of the Code of Civil Procedure before referred to so provides. It is:

"In any proceeding for the probate of a will in which any controverted question of fact arises, the surrogate must make an order directing the trial by jury of such controverted question of fact, if any party appearing in such proceeding seasonably demands the same."

The demand was properly made, and thereafter the only discretion left in the surrogate was whether he would direct a trial of the issues before a jury in the Surrogate's Court or in the Supreme Court. This discretion he exercised by directing the trial in the former court, and having so exercised it, and the case having been set down for trial in that court, I think it would have been an improper exercise of discretion on the part of the other surrogate, the facts being the same, to have in effect reversed that order by directing a trial in the Supreme Court; in other words, I think when one surrogate, after hearing all of the interested parties, has exercised the discretion given to him by statute to order a probate proceeding tried by jury in the Surrogate's Court, and no appeal has been taken from the order, and the same has become final and conclusive, the other surrogate ought not, unless different facts are presented, to interfere by directing a trial in another forum. The orderly method of procedure, as well as the proper administration of justice, require, as it seems to me, that course should be taken, notwithstanding the fact that the other surrogate has the power to make such transfer.

I am therefore of the opinion that the motion to transfer to the Supreme Court was properly denied, and that the order appealed from should be affirmed, with $10 costs and disbursements. Order filed. All concur.